```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
NYC TROPICAL HOUSE INC.,                                           :
                                                                   :
                                   Plaintiff,                      :       1:24-cv-7407-GHW
                                                                   :
             -v-                                                   :          ORDER
                                                                   :
CENTRAL PRODUCE CORP., et al.,                                     :
                                                                   :
                                   Defendants.                     :
                                                                   :
------------------------------------------------------------------ X
```

<div style="text-align: right; float: right;">
USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 1/9/2025
</div>

GREGORY H. WOODS, United States District Judge:

On December 3, 2024, Plaintiff filed an application for an order to show cause why a preliminary injunction should not be granted pursuant to Fed. R. Civ. P. 65. Dkt. No. 7. The Court issued an order to show cause that same day and held a hearing on January 7, 2024. Dkt. No. 10. Defendants did not appear at the January 7, 2024 hearing, have not filed any opposition to Plaintiff's application for a preliminary injunction, and have not otherwise appeared in this action.

The Court finds that Plaintiff has made a showing that Defendants have failed to make "full payment promptly" to Plaintiff for wholesale quantities of produce sold in interstate commerce in violation of the Perishable Agricultural Commodities Act, as amended, 7 U.S.C. § 499a, *et seq.* ("PACA"), and therefore the Court finds that Plaintiff has shown a likelihood of success on the merits. The Court further finds that Plaintiff has made a showing of irreparable harm if the assets held in trust under PACA are dissipated. The Court further finds that the public and private interests favor granting an injunction as to the assets of the corporate defendant. Therefore, it is hereby

ORDERED, that after hearing argument and upon review of the filings and the pleadings in this action in connection with Plaintiff's motion, Plaintiff's motion for a preliminary injunction is granted in part pursuant to Federal Rule of Civil Procedure 65, and it is further

2

ORDERED, that the Defendants, Central Produce Corp. and Neldin Castro, their customers, agents, officers, subsidiaries, assigns and banking institutions are hereby enjoined during the pendency of this action from alienating, dissipating, paying over or assigning any assets or deposits of the Defendant CENTRAL PRODUCE CORP. in any corporate capacity, or its subsidiaries, agent , officers or related companies, except as necessary to make payment to the Plaintiff; and it is further

ORDERED, that this Order shall remain in effect until further order of this Court or until the Defendants pay Plaintiff, by bank check or wire transfer, the total sum of $136,570.50; and it is further

ORDERED, that the security requirement, Fed. R. Civ. P. 65(c), is waived upon consideration of the fact that the Defendants are statutorily obligated to holding $136,570.50 of Plaintiffs assets in trust.

SO ORDERED.

Dated: January 9, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge